**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecil L. Sayer, a single man and resident of the State of Arizona; and Adam Brye Sayer, a single man and resident of the State of Arizona,<br><br>Plaintiffs,<br><br>vs.<br><br>Western Residential Mortgage, Inc., a foreign company; Countrywide Home Loans, Inc., a foreign company; Bank of American, N.A., a foreign company; et al.,<br><br>Defendants. | No. CV-12-153-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Dismiss (Doc. 18) and Motion for a Ruling (Doc. 20). For the reasons stated below, the motions are granted.

**BACKGROUND**

Plaintiffs filed this complaint in Maricopa County Superior Court on December 21, 2011. (Docs. 1-2). Defendants removed the complaint to federal court in the District of Arizona on January 23, 2012. (Doc. 1). Defendants filed a motion to dismiss on May 21, 2012, and Plaintiffs have not filed a response. (Doc. 18).

**DISCUSSION**

**I.  Legal Standard**

Arizona's local rules provides that if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may deal with the matter summarily." LRCiv.

7.2(i). Before dismissing a case as a sanction, a court must nevertheless consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998). If these factors, on balance, favor dismissal, the Court may act according to the local rule. *See Wystrach v. Ciachurski*, 267 Fed. App'x 606 (9th Cir. 2008) (affirming district court's dismissal of unopposed motion when three factors weighed in favor of dismissal and two weighed against dismissal).

## II. Analysis

This is one of many cases filed in the District of Arizona in which homeowners challenge a lender's right to foreclose upon property. Plaintiffs here allege that Defendants convinced them to take out a loan that Plaintiffs neither needed nor wanted on property they owned outright, that the terms of the loan were not properly disclosed, and that the Defendants "engaged in a malicious and coercive campaign to manufacture default on the Plaintiff's predatory loan," and thereby "engaged in a racket to steal the equity from Plaintiff's home." (Doc. 1-2 ¶¶ 53–54). They allege nine causes of action, including violating Arizona's RICO law, fraud, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, breach of fiduciary duty, violating the Home Ownership and Equity Protecting Act, violating the Truth in Lending Act, violating the Arizona Consumer Fraud Act, and Unjust Enrichment. (Doc. 1-2).

Defendants argue that because Plaintiffs' claims "overwhelmingly consist of allegations concerning representations supposedly made during the loan origination process," and because Defendants played no role in that process but only acquired the loan later, most of the claims are improperly plead against them.[1] Defendants assert that

---

[1] The loan was negotiated and originally issued by former Defendant Western Residential Mortgage, Inc., which was never served and which was dismissed from this lawsuit on June 11, 2012. (Doc. 19).

- 2 -

allegations that would otherwise be properly directed at them are improperly pled, time-barred, or based on criminal statutes that do not provide a private cause of action.

The Court has reviewed the motion to dismiss, and finds that Defendants' arguments are convincing. Plaintiffs' claims under the Home Ownership and Equity Protection Act and the Truth in Lending Act appear to be untimely. Plaintiffs have not pled the elements of fraud, consumer fraud, or unjust enrichment with particularity against Defendants, since these claims are based in false statements made by the original lender. Likewise, Plaintiffs' claims of breach of the duty of good faith and fair dealing and breach of fiduciary duty are predicated on statements that the original parties to the loan promised to modify its terms and then failed to do so. Although Defendants stepped into the shoes of the original parties to the contract as successors in interest, the alleged promises to forgive or modify the loan were not part of the obligations to the contract. The Court is mindful of its evaluation of the motion as it considers the five factors regarding dismissal.

The first three factors all weigh in favor of dismissal. Dismissal will further the public's interest in resolving this matter expeditiously and the court's interest in reducing its docket. There is no risk to Defendants in granting their motion summarily, and some risk of further cost and delay to them should the Court permit Plaintiffs to respond later than the local rules allow. The fourth factor weighs against dismissal; although dismissal for failure to respond to the motion to technically plays against the public interest of hearing cases on the merits, a motion to dismiss has been filed, the arguments it presents are strong. The Court recognizes that it has less severe sanctions available, so the final factor weighs against dismissal.

In total, three of the five factors weigh in favor of dismissal, and two weigh against. Combined with a review of the motion itself, the Court's evaluation of these factors suggests that summary dismissal in accordance with the local rules is proper.

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Motion for Ruling are **granted** (Docs. 18, 20).  The Clerk of Court is directed to **terminate this action**.

Dated this 20th day of July, 2012.

_____
G. Murray Snow
United States District Judge